The Honorable Ben Allen State Senator P.O. Box 2635 Little Rock, AR 72203
Dear Senator Allen:
This is in response to your request for an opinion concerning the constitutionality of the "Unfair Cigarette Sales Act" codified at A.C.A. 4-75-701, et seq. Specifically, you have asked whether the act represents price fixing legislation violative of Article 2, sections 2, 18, 19 and 29 of the Arkansas Constitution and violative of Section 1 of the Fourteenth Amendment to the Constitution of the United States. It is my opinion that the answer to your question is "no".
It appears that over thirty states have enacted legislation similar to Arkansas' "Unfair Cigarette Sales Act." The Act, among other things, prohibits (with certain exceptions) sales of cigarettes by retailers and wholesalers at less than cost. The courts of most of the states with similar legislation have upheld it, usually citing the case of Nebbia v. New York, 291 U.S. 502
(1933), which upheld legislation fixing the price of milk. See Wholesale Tobacco Dealers Bureau v. National Candy Tobacco Co.,11 Cal.2d 634, 82 P.2d 3 (1938); and Simonetti, Inc., v. State,272 Ala. 398, 132 So.2d 252 (1961).
Other legislation has been struck down because it did not require the scienter element as a prerequisite to finding a violation of the act, that is, a determination that the retailer or wholesaler made the sale below cost with the intent to destroy or injure competition. See Daniel Loughran Co. v. Lord Baltimore Candy 
Tobacco Co., 178 Md. 38, 12 A.2d 201 (1940); San Ann Tobacco Company v. Hamm, 283 Ala. 397, 217 So. 1d 803 (1969); Twin City Candy Tobacco Co., v. A. Weisman Co. , 276 Minn. 225,149 N.W.2d 698 (1967). At least one court, however, has upheld an Unfair Cigarette Sales Act even without requiring scienter as an element of a violation. May's Drug Store v. State Tax Commission,242 Iowa 319, 45 N.W.2d 245 (1951).
It is my opinion that in light of Nebbia, and decisions of other states interpreting similar acts, the Arkansas act is constitutional. The Arkansas act does prohibit sales below cost only if they are made with "intent to injury competitors or destroy or substantially lessen competition." A.C.A. 4-75-708.
Additionally, two Arkansas cases are helpful in assessing the constitutionality of the act. In the past, the Arkansas Supreme Court has struck down legislation setting the prices to be charged by barbers, Noble v. Davis, 204 Ark. 156, 161 S.W.2d 189 (1942); and has upheld legislation setting the prices for liquor sales. Gipson v. Morley, Comm'r of Revenues, 217 Ark. 560, 233 S.W.2d 79
(1950). The two cases both city Nebbia and appear to use the same criteria, yet different results are reached in each. The difference appears to revolve around the court's finding in Noble that the legislation regarding barbers did not bear a substantial relation to the public safety health, welfare, or prosperity, and therefore violated both Section 1 of the Fourteenth Amendment to the United States Constitution as well as sections 2, 18, 19 and29 of Article 2 of the Arkansas Constitution. The court apparently did not regard the legislation as attempting to remedy any demoralizing price wars or burgeoning monopolies, which is the specific aim of the act now in question.
The Gipson case, involving liquor sales, is in my opinion more nearly analogous to your inquiry, both in subject matter and in the evils at which the legislation is aimed. In Gipson, Justice Robert A. Leflar had occasion to note:
 Many other states have enforced price fixing laws of one kind or another, but most of these are irrelevant here, nor do we now approve them either by inference or otherwise. It is established that such enactments do not violate the due process, equal protection, privileges and immunities, or other possible relevant clauses in the Federal Constitution. [citing Nebbia]. . . . There is much room for difference of opinion as to whether the fixing of minimum prices is a sound or wise method for achieving the legitimate police power ends of liquor traffic regulation. The writer of this opinion and a majority of his colleagues on this court feel personally that such minimum price fixing is unsound and unwise, but our views are irrelevant here. . . . The legislature was seeking a remedy for ills that it is authorized to remedy, or seek to remedy, and its choice of remedy was not one that is prohibited to it by our Constitution.
217 Ark. at 566, 568.
It is therefore my opinion that either a federal or Arkansas court would uphold the Act.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.